**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Theodore Williamson, | No. CV-21-01159-PHX-MTL |
| Plaintiff, | **ORDER** |
| v. | |
| Celina Bustos Mercado, et al., | |
| Defendants. | |

On July 7, 2021, this Court held a status conference to discuss Plaintiff Theodore Williamson's Emergency Motion for Temporary Restraining Order (the "Motion") (Doc. 2). A few minutes before that status conference started, defense counsel alerted this Court that there was a recent Arizona Court of Appeals decision dealing with almost identical facts, legal issues, and parties. *See Williamson v. Williamson*, No. 1 CA-CV 19-0325 FC, 2020 WL 3250849 (Ariz. App. June 16, 2020). When asked about this authority, Plaintiff's counsel, Barbara Cowan, noted that she was aware of this decision but did not think it was relevant to include in the Motion.

The Court has the inherent authority to impose sanctions. *See Barten v. State Farm Mut. Auto. Ins. Co.*, No. CIV 12-399-TUC-CKJ (LAB), 2014 WL 12639914, at *1 (D. Ariz. Jan. 24, 2014). The court's inherent power to impose sanctions "derive[s] from the absolute need of a trial judge to maintain order and preserve the dignity of the court." *Zambrano v. City of Tustin*, 885 F.2d 1473, 1478 (9th Cir. 1989). Next, this Court may impose sanctions through its statutory authority in 28 U.S.C. § 1927. That statute states

that an attorney who causes the proceedings in a case to be multiplied "unreasonably and vexatiously" may be required to pay the excessive costs incurred because of such conduct. 28 U.S.C. § 1927.

This Court also has the authority to issue sanctions for noncompliance with the Local Rules of Civil Procedure. *See* LRCiv 83.1(f). This Court's Local Rules incorporates the Arizona Rules of Professional Conduct. *See* LRCiv 83.2(e) ("The 'Rules of Professional Conduct,' in the Rules of the Supreme Court of the State of Arizona, shall apply to attorneys admitted or otherwise authorized to practice before the United States District Court for the District of Arizona."); *see also Roosevelt Irr. Dist. v. Salt River Project Agr. Imp. & Power Dist.*, 810 F. Supp. 2d 929, 944 (D. Ariz. 2011) ("The United States District Court for the District of Arizona has adopted the Arizona Rules of Professional Conduct as its ethical standards."). One such ethical rule provides that a lawyer shall not knowingly "fail to disclose to the tribunal legal authority in the controlling jurisdiction known to the lawyer to be directly adverse to the position of the client and not disclosed by opposing counsel." Ariz. R. Sup. Ct. 42, ER 3.3(a)(2).

Accordingly,

**IT IS ORDERED** that by no later than **July 22, 2021**, Plaintiff shall show cause in writing why sanctions should not be imposed on Plaintiff, Plaintiff's counsel, and the law firm of Hengl & Cowan PLC for Plaintiff's failure to identify *Williamson v. Williamson*, No. 1 CA-CV-19-0325 FC, 2020 WL 3250849 (Ariz. App. June 16, 2020). Response and Reply briefs may be filed according to the deadlines established in the Local Rules.

Dated this 7th day of July, 2021.

*Michael T. Liburdi*
Michael T. Liburdi
United States District Judge